**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | | |
|---|---|---|
| JERICH USA, INC., | ) | CASE NO. 1:23-CV-24515-KMW |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. WILLIAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| ACE TRANSPORT MIAMI, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF JERICH USA, INC.'S BRIEF IN OPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Jerich USA, Inc. ("Jerich"), by and through undersigned counsel, respectfully requests that the Court deny the Motion to Dismiss filed by Defendant ACE Transport Miami, LLC ("Defendant") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant's Motion to Dismiss fails to recognize the pleading standards as demanded by Rule 12 of the Federal Rules of Civil Procedure. Not only has Jerich satisfied its burden to adequately plead a claim for Breach of a Warehouseman's Duty of Care, but any decision to dismiss the Complaint at this stage in litigation would be premature and contradictory of governing authorities.

## I. RELEVANT FACTUAL BACKGROUND

Jerich provides logistic services for customers in various industries around the world. (Compl. ¶ 3.) Thus, in or around June 2020, Jerich arranged for Defendant to unload, palletize, shrink wrap, cross dock, and house certain shipments of paper products (the "Goods") on behalf of Jerich and Jerich's customer, Liberty Paper ("Liberty"). (Compl. ¶ 7.) The Goods arrived to Defendant in good condition, and through its agreement to act as a warehouseman and store the Goods in

exchange for compensation, Defendant also agreed to stow and maintain the Goods *in the condition they were received*. (Compl. ¶¶ 9, 10.) (Emphasis added.) In exchange for these services, Jerich paid Defendant over $300,000.00 in monthly storage fees for the Goods between June 2020 and May 2023. (Compl. ¶¶ 15, 23.)

In or around July 2022, Liberty determined that the Goods and pallets stored in Defendant's care were damaged, dirty, and moldy. (Compl. ¶¶16, 17.) As the articles in Defendant's care were paper products, Defendants failure to adequately care for the Goods left some items devalued and deemed completely valueless. (Compl. ¶¶ 18, 19.) Liberty later filed a claim with Jerich for damage to the Goods, along with warehousing, storage, and other costs, totaling $195,845.20. (Compl. ¶ 20.) Jerich has suffered damages related to Liberty's claim, and the storage charges that Jerich paid to Defendant, in excess of $75,000.00. (Compl. ¶ 24.)

## II. <u>LAW & ARGUMENT</u>

### a. <u>The Complaint Meets the Pleading Standards of the Federal Rules of Civil Procedure.</u>

#### i. <u>*Standard of Review under Rule 12(b)(6) of the Federal Rules of Civil Procedure*</u>

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir. 1984). As a result, on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir. 1988). A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Rourke v. Provident Life & Acc. Ins. Co.*, 48 F.Supp.2d 1383, 1384 (S.D. Fla. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). As the Eleventh Circuit has noted,

"the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Mishkin v. Gurian*, No. 06-80489-CIV-RYSKAMP/VITUNAC, 2007 WL 1461797, *1 (S.D Fla. May 16, 2007) (citing *In re Southeast Banking Corp.,* 69 F.3d 1539, 1551 (11th Cir. 1995)). As set forth more fully below, the Complaint clearly meets Rule 12(b)(6)'s pleading requirements.

*i. <u>Standard of Review under Rule 12(e) of the Federal Rules of Civil Procedure</u>*

A motion for more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure is only "appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *Euro RSCG Direct Response, LLC v. Green Bullion Financial Services*, 872 F.Supp.2d 1353, 1358 (S.D. Fla. 2012) (citing *Ramirez v. FBI,* No. 8:10–cv–1819–T–23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010)). As a result, a motion for more definite statement should be granted as a remedy for "an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship,* 941 F.Supp. 1189, 1195 (S.D. Fla. 1996). "Indeed, motions for more definite statement are *viewed with disfavor and are rarely granted,* and are not a substitute for discovery." *Ternitz Enterprises Ltd. v. Learjet, Inc.,* Case No. 22-61048-CIV-DIMITROULEAS, 2022 WL 18464859, *2 (S.D. Fla. Sept. 13, 2022) (citations omitted) (emphasis added). Again, Defendant can respond to the Complaint. The Complaint sets forth a clear, succinct cause of action.

**b. <u>Jerich Pled a Cognizable Claim Against Defendant.</u>**

The Federal Rules of Civil Procedure only require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, the rule does not require detailed factual allegations, and simply requires the movant to allege more

than an "unadorned, conclusory accusation of harm." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, long-standing precedent is clear that at the pleading stage, factual allegations do not need to be overly detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 19 55, 1964-65 (2007).

Despite the contentions in the Motion to Dismiss, Jerich's Complaint is not required to specify the statutory basis for its claim at this stage in litigation. Indeed, this Court understands that a movant has sufficiently pled its claim so long as it "effectively apprise[s] plaintiff of the legal and factual grounds on which [the movant] seeks to advance its claims." *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007). Certainly, the Eleventh Circuit also appreciates that the purpose of Rule 8 of the Federal Rules of Civil Procedure, which governs pleading standards, is "to strike at unintelligibility *rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery." Id.* (emphasis added); *see also In re Volpert*, 175 B.R. 247, 261 (Bankr. N.D. Ill.1994) ("[Movant's] failure to identify the precise statutory grounds for relief nevertheless does not compel dismissal under the Federal Rules.").

Here, the Complaint plainly explains a plausible cause of action against Defendant as— Defendant owed Jerich a **duty** to store and keep the Goods in good condition (Compl. ¶ 9); Defendant **breached** its duty to Plaintiff by failing to adequately store the Goods (Compl. ¶¶ 21, 22); and Jerich incurred **damages** as a result of Defendant's failure (Compl. ¶ 24). These elements create a plausible claim under federal law. Jerich is not required to provide specific details about *how* Defendant breached its duty at this stage in the case. By way of example, in *Boldstar Tech., LLC*, this Court denied a Rule 12 motion which claimed that the causes of action within the

complaint were "too vaguely pled" even though the movant failed to detail the statutory framework of its claim. *See Boldstar Tech., LLC*, 571 F.Supp.2d at 1290. Accordingly, this Court held that the claims were adequately pled because the "allegations validly state claims and that [the non-moving party] can reasonably be required to frame a response"—this standard must be applied to the present facts.

Jerich provided Defendant more than enough information—including the cause of action, alleged breach of duty, and damages incurred—to respond to the Complaint. The Complaint not only states a claim for relief, but it also provides Defendant with an opportunity to produce even more than a "simple denial" in response to the allegations. *See Euro RSCG Direct Response,* LLC, 872 F.Supp.2d at 1358. Defendant must be compelled to conduct discovery to uncover additional information about Jerich's position, and the Complaint must not be dismissed, nor should Plaintiff be required to submit a more definite statement.

Nonetheless, the breach of duty by a warehouseman <u>is</u> a recognized cause of action in instances where a warehouse company has not taken adequate measures to safeguard products in its possession, and a contract is not needed to create the duty. *See e.g., Castle & Cooke, Inc. v. Seaboard Coast Line R. Co.*, 275 So.2d 586 (Fla. 1973). Not only does governing law agree that Jerich's Complaint satisfies the pleading standards and must survive dismissal, but it is sufficient to avoid a motion for a more definite statement—both of which Defendant pursues here. *See Boldstar Tech., LLC*, 517 at 1291. Defendant's Motions must be denied.

**c. <u>Jerich Has Standing to Bring its Claim Against Defendant.</u>**

Jerich has standing to pursue its claim for damages related to Defendant's improper care for the Goods because Jerich paid money for a service in which it did not receive the benefit that it bargained for. *See Zeldman v. Pershing LLC*, Case No. 09-22609-CIV-LENARD/GARBER,

2010 WL 11505834, *5 (S.D. Fla. Aug. 20, 2010). A party has standing where it "has a sufficient stake in the controversy, with a legally cognizable interest which would be affected by the outcome of the litigation." *First Telebanc Corp. v. First Union Corp.,* Case No. 02-80715-CIV-GOLD/TURNOFF, 2007 WL 9702557, *12 (S.D. Fla. Aug. 6, 2007). As a result, the Eleventh Circuit Cort of Appeals has held that a party has standing where it has contributed to, or paid for damages caused by the defendant. *See Maggard Truck Line v. Deaton, Inc.*, 783 F.2d 203 (11th Cir. 1986) (holding that plaintiff had standing to bring an action on its behalf and on behalf of its subrogated underwriters seeking reimbursement for all of the losses caused by defendant).

Here, taking the allegations of the Complaint as true, as required under the 12(b)(6) standard, Jerich alleged a sufficient basis for standing given that it paid Defendant monthly storage fees for the Goods in excess of $300,00.00 between June 2020 and May 2023 and Jerich suffered damaged due to Defendant's failure to adequately care for, and store related the Goods. (Compl. ¶¶ 23-24.). Pursuant to *Maggard Truck Line*, Jerich has standing to pursue claims, on its behalf on and on Liberty's behalf, related to the damaged Goods against Defendant.

**d. <u>Defendant's Motion to Dismiss Improperly Relies on Facts Outside of the Complaint.</u>**

Defendant's Motion to Dismiss undermines the pleading requirements of the Federal Rules of Civil Procedure. The Eleventh Circuit is clear that a court's scope of review on a Rule 12 motion must be limited to the four corners of the complaint. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Mishkin*, 2007 WL 1461797 at *1. Thus, any consideration of matters beyond the Complaint is improper in the context of a motion to dismiss. *See Milburn,* 734 F.2d at 765 (11th Cir. 1984). In fact, this Court has found that on a motion to dismiss for failure to state a claim, the Court is generally confined to the four corners of the complaint *unless* the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim."

*Moreno v. Carnival Corporation*, 488 F.Supp.3d 1233, 1236 (S.D. Fla. 2020) (emphasis added). Likewise, when issuing a ruling in *Mendoza v. Discount C.V. Joint Rack & Pinion Rebuilding Inc.*, this Court refused to rely on, or even consider the existence of an underlying contract at the motion to dismiss stage because any such agreement was not attached to the complaint, and plaintiff's claims could plausibility exist without such agreement. No. 13-24081-CIV, 2014 WL 979065, * 2 (S.D. Fla. Mar. 13, 2014). More specifically, in *Mendoza* the Court reviewed a 12(b)(6) motion to dismiss plaintiff's complaint that sought unpaid wages under federal employment laws. *Id.* at *1. In its motion to dismiss, defendant pointed to an alleged contract which allegedly precluded plaintiff's entitlement to unpaid funds, however, the Southern District Court of Florida denied the motion because the complaint provided a plausible cause of action, and while "[t]here [was] a conflict between the allegations in the complaint and [Defendant's] allegations. . . [the] dispute flow[ed] from factual issues to be resolved on a motion for summary judgment or at trial."

Here, the Motion to Dismiss attempts to compel the Court to rely on an alleged written contract, or underlying agreement between Jerich and Defendant as the basis of Defendant's duty of care as a warehouseman. However, the Complaint does not reference, or include a contract between the parties. Furthermore, the crux of the issue directly flows from the factual dispute about whether Defendant failed to adequately care for the Goods in its care. As a result, this Court cannot rely on the potential existence of any such document at this stage in litigation as means to dismiss the case, or grant Defendant's motion for a more definite statement. As acknowledged in *Mendoza*, here, Defendant's arguments concerning documents outside of the pleadings relate to factual issues that are more appropriately considered at the summary judgment phase. Defendant's mention of an alleged contract has been offered to mislead the Court into violating well-established law and must be ignored as a result.

## III. CONCLUSION

For the foregoing reasons, Jerich respectfully requests that the Court deny Defendant's Motion to Dismiss, and its alternative Motion for More Definite Statement, in their entirety.

Dated: February 1, 2024

Respectfully submitted,

*/s/ Justin M. Lovdahl*

JUSTIN M. LOVDAHL (FL No. 1008836)
ERIC L. ZALUD *(admitted pro hac vice)*
CLARE R. TAFT *(admitted pro hac forthcoming)*
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: jlovdahl@beneschlaw.com
ezalud@beneschlaw.com
ctaft@beneschlaw.com

*Attorneys for Plaintiff Jerich USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on February 1, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Justin M. Lovdahl*
Justin M. Lovdahl (FL No. 1008836)

*One of the Attorneys for Plaintiff Jerich USA, Inc*