**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| JERICH USA, INC., | ) | CASE NO. 1:23-CV-24515-KMW |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. WILLIAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| ACE TRANSPORT MIAMI, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF JERICH USA, INC.'S BRIEF IN OPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**[1]

Plaintiff Jerich USA, Inc. ("Jerich"), by and through undersigned counsel, respectfully requests that the Court deny the Motion to Dismiss the First Amended Complaint (the "Motion") filed by Defendant ACE Transport Miami, LLC ("Defendant") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Defendant titles its Motion as a "Motion to Dismiss" and argues pursuant to the Fed. R. Civ. P. 12(b)(6) legal standard, however, the first paragraph of the Motion states that Defendant has also moved, "in the alternative" pursuant to Rule 12(e). (Dkt. 20, Motion, p.1.) The Motion does not include an argument for a motion for a more definite statement pursuant to Rule 12(e). (*Id.*) In an abundance of caution, Plaintiff also requests that the Court deny any motion pursuant to Rule 12(e) as well. A motion for more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure is only "appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *Euro RSCG Direct Response, LLC v. Green Bullion Financial Services*, 872 F.Supp.2d 1353, 1358 (S.D. Fla. 2012) (citing *Ramirez v. FBI,* No. 8:10–cv–1819–T–23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010)). As a result, a motion for more definite statement should be granted as a remedy for "an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship,* 941 F.Supp. 1189, 1195 (S.D. Fla. 1996). "Indeed, motions for more definite statement are *viewed with disfavor and are rarely granted,* and are not a substitute for discovery." *Ternitz Enterprises Ltd. v. Learjet, Inc.,* Case No. 22-61048-CIV-DIMITROULEAS, 2022 WL 18464859, *2 (S.D. Fla. Sept. 13, 2022) (citations omitted) (emphasis added). Defendant can respond to the First Amended Complaint. The First Amended Complaint sets forth a clear, succinct cause of action.

Defendant's Motion to Dismiss fails to recognize the pleading standards as demanded by Rule 12 of the Federal Rules of Civil Procedure. Not only has Jerich satisfied its burden to adequately plead a claim for breach of agreement, or as pled in the alternative, for unjust enrichment, but any decision to dismiss the First Amended Complaint at this stage in litigation would be premature and contradictory of governing authorities.[2]

## I. RELEVANT FACTUAL BACKGROUND

Jerich provides logistic services for customers in various industries around the world. (First Amended Compl. ¶ 3.) Thus, in or around June 2020, Jerich and Defendant entered into an oral agreement (the "Agreement") whereby Defendant would unload, palletize, shrink wrap, cross dock, and warehouse in good condition shipments of pallets of paper products (the "Goods") for Jerich and Jerich's customer, Liberty Paper ("Liberty"); Jerich agreed to pay all warehouse storage fees to Defendant. (*Id.* ¶ 7.) The Goods arrived at Defendant's warehouse in good condition, and through its agreement to warehouse and store the Goods in exchange for compensation, Defendant also agreed to stow and maintain the Goods *in the condition they were received*. (*Id.* ¶¶ 9, 10.) (Emphasis added.) In exchange for these services, Jerich paid Defendant over $300,000.00 in monthly storage fees for the Goods between June 2020 and May 2023. (*Id.* ¶23.)

In or around July 2022, Liberty determined that the Goods and pallets stored in Defendant's care were damaged, dirty, and moldy. (First Amended Compl. ¶16.) The Goods were so damaged while in Defendant's possession that the Goods were devalued and deemed completely valueless. (*Id.* ¶¶17-19.) Liberty later filed a claim with Jerich for damage to the Goods, along with

---

[2] Defendant moved to dismiss Jerich's original Complaint. (Dkt. 11.) The Court granted that motion on the grounds that the Complaint's Count II for Unjust enrichment "improperly incorporates all allegations in Count I" and ordering Jerich to file an Amended Complaint. (Dkt. 18, the "Court's Order.") The Court's Order made no determination as to the merits of Defendant's original motion to dismiss. Jerich filed is First Amended Complaint on June 4, 2024. (Dkt. 19.)

warehousing, storage, and other costs, totaling $195,845.20. (*Id.* ¶ 20.) Jerich has suffered damages related to Liberty's claim, and the storage charges that Jerich paid to Defendant, in excess of $75,000.00. (*Id.* ¶ 24.)

## II. <u>LAW & ARGUMENT</u>

### A. <u>The First Amended Complaint Meets the Pleading Standards of the Federal Rules of Civil Procedure.</u>

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir. 1984). As a result, on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir. 1988). A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Rourke v. Provident Life & Acc. Ins. Co.*, 48 F.Supp.2d 1383, 1384 (S.D. Fla. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). As the Eleventh Circuit has noted, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Mishkin v. Gurian*, No. 06-80489-CIV-RYSKAMP/VITUNAC, 2007 WL 1461797, *1 (S.D Fla. May 16, 2007) (citing *In re Southeast Banking Corp.,* 69 F.3d 1539, 1551 (11th Cir. 1995)). As set forth more fully below, the First Amended Complaint clearly meets Rule 12(b)(6)'s pleading requirements.

### B. <u>Jerich Pled a Cognizable Claim Against Defendant.</u>

The Federal Rules of Civil Procedure only require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, the rule does not require detailed factual allegations, and simply requires the movant to allege more than an "unadorned, conclusory accusation of harm." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). Furthermore, long-standing precedent is clear that at the pleading stage, factual allegations do not need to be overly detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 19 55, 1964-65 (2007).

This Court understands that a movant has sufficiently pled its claim so long as it "effectively apprise[s] plaintiff of the legal and factual grounds on which [the movant] seeks to advance its claims." *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007). Certainly, the Eleventh Circuit also appreciates that the purpose of Rule 8 of the Federal Rules of Civil Procedure, which governs pleading standards, is "to strike at unintelligibility *rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery." Id*. (emphasis added); *see also In re Volpert*, 175 B.R. 247, 261 (Bankr. N.D. Ill.1994) ("[Movant's] failure to identify the precise statutory grounds for relief nevertheless does not compel dismissal under the Federal Rules.")

Here, the First Amended Complaint plainly explains a plausible cause of action for a breach of an agreement against Defendant, or in the alternative, for unjust enrichment, as—Defendant agreed to store and keep the Goods in good condition (First Amended Compl. ¶ 9); Defendant breached its agreement with Plaintiff by failing to adequately store and maintain the Goods (*Id.* ¶¶ 17-21); Jerich performed under the terms of its Agreement with Defendant in that *Jerich paid all fees related* to storage of the Goods (*Id.* ¶22); and Jerich incurred damages as a result of Defendant's breach (*Id.* ¶ 24). These elements create a plausible claim. *See Murciano v. Garcia*, 958 So.2d 423 (Fla. 3rd DCA 2007) (citing *Abbott Labs., Inc. v. Gen. Elec. Capital,* 765 So.2d 737, 740 (Fla. 5th DCA 2000) ("to prevail on a breach of contract action, he must prove (1) a valid contract; (2) a material breach; and (3) damages"). Jerich is not required to provide specific details

about *how* Defendant breached at this stage in the case. By way of example, in *Boldstar Tech., LLC*, this Court denied a Rule 12 motion which claimed that the causes of action within the complaint were "too vaguely pled" even though the movant failed to detail the statutory framework of its claim. *See Boldstar Tech., LLC*, 571 F.Supp.2d at 1290. Accordingly, this Court held that the claims were adequately pled because the "allegations validly state claims and that [the non-moving party] can reasonably be required to frame a response"—this standard must be applied to the present facts.

As to Count II of the First Amended Complaint, Jerich's claim for unjust enrichment, pled in the alternative to the breach of agreement in Count I, the First Amended Complaint states a clear cause of action for unjust enrichment against Defendant. " 'The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.' " *Extraordinary Title Servs, LLC v. Florida Power & Light Co*., 1 So.3d 400, 404 (Fla. 3d DCA 2004) (citing *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.,* 667 So.2d 876, 879 (Fla. 3d DCA 1996) (quoting *Hillman Constr. Corp. v. Wainer,* 636 So.2d 576, 577 (Fla. 4th DCA 1994) (citations omitted)). Jerich undoubtedly conferred a benefit on Defendant—over $300,000 in payments for storage fees. (First Amended Compl. ¶¶14, 23.) Defendant accepted all of Jerich's payments without exception. (*Id.* ¶15.) It would be inequitable for Defendant to have received and retained Jerich's payments while failing to keep the Goods damage-free. (*See id.*)

Jerich provided Defendant with more than enough information—including the cause of action, alleged breach of agreement, or in the alternative, unjust enrichment, and damages

incurred—to respond to the First Amended Complaint. The First Amended Complaint not only states a claim for relief, but it also provides Defendant with an opportunity to produce even more than a "simple denial" in response to the allegations. *See Euro RSCG Direct Response,* LLC, 872 F.Supp.2d at 1358. Defendant must be compelled to conduct discovery to uncover additional information about Jerich's position, and the First Amended Complaint must not be dismissed, nor should Plaintiff be required to submit a more definite statement. Jerich's First Amended Complaint satisfies the pleading standards and must survive dismissal. *See Boldstar Tech., LLC*, 517 at 1291. Defendant's Motion must be denied.

**C. <u>Jerich Has Standing to Bring its Claim Against Defendant.</u>**

Jerich has standing to pursue its claim for damages related to Defendant's improper care for the Goods because Jerich paid money for a service in which it did not receive the benefit that it bargained for. *See Zeldman v. Pershing LLC*, Case No. 09-22609-CIV-LENARD/GARBER, 2010 WL 11505834, *5 (S.D. Fla. Aug. 20, 2010). A party has standing where it "has a sufficient stake in the controversy, with a legally cognizable interest which would be affected by the outcome of the litigation." *First Telebanc Corp. v. First Union Corp.,* Case No. 02-80715-CIV-GOLD/TURNOFF, 2007 WL 9702557, *12 (S.D. Fla. Aug. 6, 2007). As a result, the Eleventh Circuit Cort of Appeals has held that a party has standing where it has contributed to, or paid for damages caused by the defendant. *See Maggard Truck Line v. Deaton, Inc.*, 783 F.2d 203 (11th Cir. 1986) (holding that plaintiff had standing to bring an action on its behalf and on behalf of its subrogated underwriters seeking reimbursement for all of the losses caused by defendant).

Here, taking the allegations of the First Amended Complaint as true, as required under the 12(b)(6) standard, Jerich alleged a sufficient basis for standing given that it paid Defendant monthly storage fees for the Goods in excess of $300,00.00 between June 2020 and May 2023 and

Jerich suffered damages due to Defendant's failure to perform its agreed to duties to adequately care for and store the Goods. (Compl. ¶¶ 23-24.)[3] Pursuant to *Maggard Truck Line*, Jerich has standing to pursue claims, on its behalf on and on Liberty's behalf, related to the damaged Goods against Defendant.

**D. <u>Defendant's Motion to Dismiss Improperly Relies on Facts Outside of the Complaint.</u>**

The Motion undermines the pleading requirements of the Federal Rules of Civil Procedure. The Eleventh Circuit is clear that a court's scope of review on a Rule 12 motion must be limited to the four corners of the complaint. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Mishkin*, 2007 WL 1461797 at *1. Thus, any consideration of matters beyond the Complaint is improper in the context of a motion to dismiss. *See Milburn,* 734 F.2d at 765 (11th Cir. 1984). In fact, this Court has found that on a motion to dismiss for failure to state a claim, the Court is generally confined to the four corners of the complaint *unless* the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim." *Moreno v. Carnival Corporation*, 488 F.Supp.3d 1233, 1236 (S.D. Fla. 2020) (emphasis added). Likewise, when issuing a ruling in *Mendoza v. Discount C.V. Joint Rack & Pinion Rebuilding Inc.*, this Court refused to rely on, or even consider the existence of an underlying contract at the motion to dismiss stage because any such agreement was not attached to the complaint, and plaintiff's claims could plausibility exist without such agreement. No. 13-24081-CIV, 2014 WL 979065, * 2 (S.D. Fla. Mar. 13, 2014). More specifically, in *Mendoza* the Court reviewed a 12(b)(6) motion to dismiss plaintiff's complaint that sought unpaid wages under federal employment laws. *Id*. at *1. In its

---

[3] Defendant notes that the Goods, toilet paper, were stored for more than two years. This is correct. However, it is irrelevant to the Motion to Dismiss. Jerich paid Defendant to warehouse the Goods, making monthly payments, with regular increases in storage rates charged by Defendant. (First Amended Compl. ¶¶10-13.) At no time did Defendant reject those storage payments. In fact, Defendant readily accepted Jerich's payments totaling $195,845.20. (*Id*. ¶¶15, 20.)

motion to dismiss, defendant pointed to an alleged contract which allegedly precluded plaintiff's entitlement to unpaid funds, however, the Southern District Court of Florida denied the motion because the complaint provided a plausible cause of action, and while "[t]here [was] a conflict between the allegations in the complaint and [Defendant's] allegations. . . [the] dispute flow[ed] from factual issues to be resolved on a motion for summary judgment or at trial."

Here, the Motion to Dismiss attempts to compel the Court to rely upon the alleged "commonly recognized fact" that toilet paper changes in color and consistency from light and humidity exposure, or that toilet paper is "not intended for long term storage." (Motion p. 3.) Making such claims asks the Court to rely upon information outside the four corners of the Complaint—namely, how toilet paper degrades or toilet paper's shelf life. Furthermore, such allegations flow from a *factual* dispute as to whether Defendant failed to perform under its agreement with Jerich to care for the Goods in Defendant's care. As a result, this Court cannot rely on the potential existence of such information or standards at this stage in litigation as means to dismiss the case or grant Defendant's motion for a more definite statement. As acknowledged in *Mendoza*, here, Defendant's arguments concerning information outside of the pleadings relate to factual issues that are more appropriately considered at the summary judgment phase.

## III. CONCLUSION

For the foregoing reasons, Jerich respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety.

Dated: July 1, 2024

Respectfully submitted,

*/s/ Justin M. Lovdahl*
JUSTIN M. LOVDAHL (FL No. 1008836)
ERIC L. ZALUD *(admitted pro hac vice)*
CLARE R. TAFT *(admitted pro hac forthcoming)*
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: jlovdahl@beneschlaw.com
ezalud@beneschlaw.com
ctaft@beneschlaw.com

*Attorneys for Plaintiff Jerich USA, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on July 1, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Justin M. Lovdahl*
Justin M. Lovdahl (FL No. 1008836)

*One of the Attorneys for Plaintiff*
*Jerich USA, Inc*